Ortiz-Reyes v. Lynch Good morning, Your Honors. My name is Ann Peters and I represent Santiago Ortiz. The Board of Immigration Appeals mistakenly relied on Portillo Rendon to make a good moral character finding in a cancellation of removal case. That is the first issue. Portillo Rendon was issued by this court and that case specifically said that the agency determines good moral character, not this court. The immigration judge mistakenly relied on Portillo Rendon for the proposition that multiple DUIs and driving infractions would require a lack of good moral character finding. The Board then made that same determination, citing Portillo Rendon in its final decision. Well, I think you're right that the ALJ misapprehended Portillo Rendon, but then she went on to consider at length the issue of your client's record in depth. So to the extent there was a legal error, it's really harmless, isn't it? Because the judge went on to actually do a discretionary analysis of the severity of the record and the bearing that that had on his good moral character or a good moral character finding. And then in any event, the judge went on to consider the issue of the claim of extreme and unusual hardship on the daughters and rejected that. And you need both to get in the door for cancellation of removal. Judge, you do. For the, if I may address the second point first, I think the first point that you make is murky. She does appear to rely on Portillo Rendon for the proposition that the Seventh Circuit has said, if you have multiple DUIs and this many driving infractions, you really, you lack good moral character and cites a portion of the decision that is pulled from the facts section. So this court explained the facts of Portillo Rendon, which are similar to this. Right. She seemed to say it was a categorical rule, but then she didn't treat it as a categorical rule. That's my reading of her opinion. Judge, okay. So the legal error is really harmless in this situation or appears to be because of the length to which the judge went to actually consider the good moral character question based on his record. Judge, okay. The board only cites Portillo Rendon and provides no other explanation in its final decision. It's very short and that's the only reasoning provided by the board. And let me go back to your second point, because you're right, you need the exceptional hardship as well. This court, again, in Champion v. Holder, required a consideration of the parent who would be left behind here in the United States if the other parent of the United States' citizen children. Let me start there. You have one parent being deported, one parent presumably staying here, two U.S. citizen children who arguably will suffer exceptional hardship if one parent is deported. In Champion, the court said the husband, the ex-husband rather, who would remain in the United States, that he could be deported and that that consideration must be looked at, that it's material evidence to the well-being of the children. And if the judge is going to rely on the children being okay because they have the support of this other parent, that other parent's status has to be considered, because that other parent could also be deported. And in this case, the immigration judge and the board focus on the presence of the mother in the United States as being a reason why these kids will be okay. However, it was established in the record that the mother is also undocumented. The board brings this up. It has another short paragraph, but in its final decision, the board cites the children being with the mother as a reason that their medical conditions would be taken care of. However, the mother's undocumented status is not discussed at all. So Champion v. Holder says it needs to be discussed. The board relied only on Pertia Rendon and relied on the mother being able to take care of the children, and both of these were legal errors. The mother's not in removal proceedings. The counsel said on the record that she didn't believe that she was judged, and that is distinguished. In Champion, I believe it was said that the ex-husband was in proceedings. If there are no more questions. I'm sorry. The wife, the mother of the children, is not in removal proceedings. Yes. Sorry, yes, Judge. In Champion, it was an ex-husband in the parallel position of the mother, yes. And in this case, the mother was not. Although the judge did cite in her decision a board case that talks specifically, I believe, about a single mother with two children who was ordered removed. And I think that does go to show that that kind of removal case does happen every day for an undocumented mother. So I think it's a possibility. If there are no more questions, I suppose I'll reserve. Thank you. Thank you. Please, the court. My name is Jennifer Bowen, and I'm here on behalf of the respondent, the U.S. United States Attorney General. First, this is an immigration case in which the court should dismiss the petition for review. The agency exercises discretion in denying cancellation of removal for a non-lawful permanent resident. Well, we do have a claim of legal error. We do have a claim of legal error. However, I believe that there are two issues. I don't believe that the record supports this as a colorable claim of legal error. Also, neither claim was exhausted before the board. So before the board, the petitioner did not argue that the immigration judge mistakenly relied on Portia Rendon. And the petitioner did not argue that the immigration judge failed to consider the immigration status of the mother. I would also point out that the petitioner's champion rather stands for the position that the board must consider arguments that are presented to it. In this case, not only did the petitioner not argue that the immigration judge was mistaken in failing to consider the immigration status of the mother, no evidence was put forth before the board related to the immigration status of the mother. So first, respondent contends that there's no jurisdiction. Second, respondent contends that neither claim has been exhausted. And then finally, should the court decide to reach the merits of petitioner's arguments, respondent holds that the substantial record of evidence supports the agency's discretionary determinations in finding both that petitioner lacked good moral character and failed to show exceptional and extremely unusual hardship to statutory requirements for relief from removal, cancellation of removal, the relief that he sought from removal. If the court has no further questions, respondent will rest on her brief. All right, counsel, thank you very much. How much time? You have four minutes, counsel. Thank you, Judge. The legal error here has to do with the misapplication of precedent from this court and the reliance by the board on a case for a proposition that this court did not create. Again, I will restate that Portia Rendon stood for the proposition that the board has the discretion. The board is the one that decides. The agency decides whether or not there's been good moral character, and the board also cites Portia Rendon solely in its reasoning. Again, as far as the exceptional hardship goes, the board raises the issue there and relies on the mother's support of the children in its reasoning. And in that, also misapplied champion. Judge, I really don't have any other details unless you have questions. I don't believe so. Thank you. Okay, thank you. Thanks to both counsel. The case is taken under advisement, and we move to the hearing.